**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES F. FRED, | DOCKET NUMBER |
| Appellant, | CH-0752-17-0556-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: April 24, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles Allenberg, Esquire, Virginia Beach, Virginia, for the appellant.

Leslie J. Hackett, Tomah, Wisconsin, for the appellant.

David D. Gorman and Danielle Vice, Springfield, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the administrative judge's disparate penalty analysis to comport with our recent holding in *Singh v. U.S. Postal Service*, 2022 MSPB 15, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a Surface Maintenance Mechanic, WG-10. Initial Appeal File (IAF), Tab 4 at 41. In 2009, and again in 2014, he successfully completed "Travel Card 101" training, which is a training program used to outline the proper use and limitations of a Government Travel Charge Card (GTCC). *Id.* at 91, 104. He also twice completed forms acknowledging, among other responsibilities, that the GTCC was for official travel expenses only and that misuse could result in discipline. *Id.* at 90, 103. On June 7, 2017, the agency proposed his removal for "[d]eliberate or negligent Travel Card misuse, abuse, delinquency and fraud." *Id.* at 41. The specifications include 113 unauthorized charges between January 12, 2015, and May 18, 2017, while the appellant was not on official travel. *Id.* Items improperly charged included cell phones, meals, fuel, and ATM cash advances. *Id.* The charges totaled $522.58. *Id.*

The appellant subsequently responded to the proposed removal. IAF, Tab 4 at 75-76. According to the appellant, in 2014, he received a personal credit card

that looked identical to his GTCC. *Id*. at 75. He claimed that, as a result, he mistakenly used his GTCC on a few occasions thinking it was his personal card. *Id*. He further alleged that the first time he did so he contacted an agency finance office and was told to "just pay it off no big deal." *Id*. He made the same error a number of times. *Id*. Because he did not receive any reprimand or counseling for these incidents, he "began to believe" that it was an acceptable practice so long as he paid the balance on time. *Id*. The appellant additionally claimed that it was his understanding that he could use his GTCC a few days prior to being on travel status to ensure that the card was working and to make purchases for the upcoming travel, such as for fuel, snacks, and personal hygiene products. *Id*. The appellant further admitted to receiving the GTCC training, but claimed that, during the 2014 time period, he was on medication for mild post-traumatic stress disorder, anxiety, and sleep disorder. *Id*. This medication affected his ability to absorb and retain the travel card training information. *Id*. Finally, the appellant argued that, because this was a first offense and most of the charges would not have occurred had he been initially warned, the punishment of removal was unwarranted. *Id*. at 76.

On August 21, 2017, after reviewing the appellant's response, the agency issued a final decision. *Id*. at 81. The deciding official conducted an analysis of the *Douglas* factors and, despite mitigating factors weighing in the appellant's favor, decided to uphold the removal. *Id*. at 84-89; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (setting forth a non-exhaustive list of relevant factors to consider in determining the appropriateness of a penalty).

The appellant filed an appeal with the Board. IAF, Tab 1. In his appeal, he claimed that the penalty of removal was arbitrary and excessive. *Id*. at 6. He also claimed that the deciding official failed to properly consider the *Douglas* factors, other employees received lesser penalties for the same conduct, and the agency did not attempt to determine if he fully understood the proper GTCC usage

procedures. *Id*. The appellant waived his right to a hearing and requested that the matter be decided on the written record. IAF, Tab 21 at 1.

The administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 28, Initial Decision (ID). She construed the charge as "whether the appellant knew, or should have known, he was misusing the Government travel card issued to him." ID at 4-5. The administrative judge found that the agency proved its charge. ID at 9. In reaching her conclusion, she found that the appellant's excuses for using the card were not credible. ID at 7-8. According to the administrative judge, the appellant's responses varied over the course of the appeal. *Id*. He claimed that he used the GTCC in error because it looked identical to his personal card, he thought he could use the card a few days before official travel to prepare for it, he thought he had to occasionally use the card to prevent it from being deactivated, and it was his impression that the use of the card for personal reasons was "no big deal" so long as he paid it off. *Id*. Because the appellant occupied a position of trust and responsibility, and his misuse of the GTCC negatively impacted the agency's confidence in his ability to perform his duties, the administrative judge found that the agency established a nexus between the misconduct and the agency's mission. ID at 9-10.

The administrative judge affirmed the removal penalty. ID at 11-14. She determined that the deciding official appropriately considered the relevant *Douglas* factors and reasonably exercised management discretion in making the penalty determination. ID at 13-14. Although the appellant alleged that others were subject to lesser penalties, the administrative judge found that he did not present evidence of any employee whose misconduct was as egregious. ID at 14. Accordingly, she found that the penalty imposed was reasonable. *Id*.

The appellant has filed a petition for review, to which the agency has responded. Petition for Review (PFR) File, Tabs 1, 3. The appellant does not dispute the finding that he inappropriately used his GTCC, or that a nexus exists between the misconduct and the agency's mission. Rather, the appellant's

argument on review is that the penalty of removal is beyond the bounds of reasonableness. PFR File, Tab 1 at 4. The appellant seeks a lesser penalty for numerous reasons. He argues that, although he inappropriately used the card over a 2-½ year time span, had he been disciplined when he first misused the card, he would not have repeated the misconduct. *Id*. at 5. He reasserts that, because other similar employees engaged in similar misconduct but did not receive such a harsh penalty, the agency must prove a legitimate reason exists for the difference in treatment. *Id*. at 6. He cites several cases in which the Board has found that, although misuse of a GTCC is a serious offense, it does not warrant removal. *Id*. at 6-7. Finally, he provides his own analysis of the *Douglas* factors and claims that the deciding official here failed to weigh the relevant mitigating factors. *Id*. at 7-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has not challenged the administrative judge's findings that the agency proved its charge and established a nexus between the charge and the efficiency of the service. In fact, the appellant admits that he bears responsibility for the misuse of his GTCC. PFR File, Tab 1 at 4. Therefore, we discern no reason to disturb the administrative judge's well-reasoned findings as to the charge and nexus. The appellant only disputes that his removal was within the tolerable limits of reasonableness. We are not persuaded and affirm the removal penalty.

When, as here, the Board sustains all of the charges in an adverse action, it will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶ 13 (2011). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id*.

The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that management judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Id*.

The Board has identified several factors as relevant in determining the appropriateness of a penalty. *Id*., ¶ 14 (citing *Douglas*, 5 M.S.P.R. at 305-06). Of the non-exhaustive factors listed, the Board has held that the most important of the *Douglas* factors is the nature and seriousness of the offense. *Id*. As the agency determined, and the administrative judge agreed, the appellant's offense was serious. ID at 13-14; IAF, Tab 4 at 84; *see Brown v. Department of the Army*, 96 M.S.P.R. 232, ¶ 11 (2004) (finding no question that the appellant's instances of unauthorized use of a Government credit card, which included permitting the account to remain delinquent, was serious).

The appellant cites several decisions in which the Board mitigated a removal of an employee charged with travel card misuse. PFR File, Tab 1 at 6-7. However, these cases are distinguishable from the appellant's case. In *Johnson v. Department of the Treasury*, 15 M.S.P.R. 731 (1983), *aff'd*, 770 F.2d 181 (Fed. Cir. 1983) (Table), the Board mitigated the penalty to a demotion because, in large part, the appellant was charged with unintentional misuse of a credit card. *Johnson*, 15 M.S.P.R. at 736. Here, the appellant's misuse was intentional. ID at 4-9. Additionally, the record indicated that the appellant in *Johnson* was not specifically on notice that his conduct was in violation of any agency regulations. *Johnson*, 15 M.S.P.R. at 735-36. Likewise, in *Nelson v. Veterans Administration*, 22 M.S.P.R. 65 (1984), the Board found a 30-day suspension was the maximum reasonable penalty for personal use of a Government credit card when the agency did not prove that the appellant had been put on notice that his conduct violated the agency's policies. *Nelson*, 22 M.S.P.R. at 70-71. Here, the appellant was specifically on notice of the policies surrounding use of his GTCC,

and even admitted to initially reporting its misuse. IAF, Tab 4 at 75, 90-91, 103-104.

The appellant further claims that the deciding official here failed to appropriately weigh the mitigating factors. PFR File, Tab 1 at 8. Among those factors listed by the appellant is that the agency suffered no financial loss. *Id*. at 7. Generally, a deciding official need not show that he considered all of the mitigating factors. *Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶ 5 (2016). The Board will independently weigh the relevant factors only if the deciding official failed to demonstrate that he considered any specific, relevant mitigating factors before deciding the penalty. *Id*. Here, the deciding official stated, as to the seriousness of the offense, that the appellant "did not exceed his time limitation" for paying the card balance. IAF, Tab 4 at 84. Thus, he considered not only that the appellant paid off his card, but also that he did so on time, eliminating any fee for late payment. *Id*. Nonetheless, he found the seriousness of the appellant's misconduct to be an aggravating penalty factor given the nature of the misconduct and that it occurred 113 times over a 2-½ year period. *Id*. Because the deciding official specifically considered the costs averted by the appellant's payment of his card, we find he considered that the agency suffered no financial loss; thus, we are not persuaded by the appellant's argument to the contrary.

The remainder of the mitigating factors cited by the appellant were appropriately analyzed by the deciding official. PFR File, Tab 1 at 7-8; IAF, Tab 4 at 84-89. In fact, he considered as mitigating factors the appellant's lack of prior discipline, past record of performance and years of service, potential for rehabilitation, and personal circumstances. IAF, Tab 4 at 85-88. The appellant here is merely trying to substitute his weighing of the factors for that of the deciding official, an exercise the Board will not conduct in deciding whether a given penalty is appropriate. *See Adam v. U.S. Postal Service*, 96 M.S.P.R. 492, ¶ 7 (2004) (explaining that it is not the Board's role to decide what penalty it

would impose, but rather whether the penalty selected by the agency exceeds the maximum reasonable penalty), *aff'd*, 137 F App'x 352 (Fed. Cir. 2005).

In doing so, the appellant argues that his immediate supervisor stated that he still has confidence in the appellant and the appellant has rehabilitative potential. PFR File, Tab 1 at 7; IAF, Tab 10 at 20. The penalty judgment belongs to the agency, not to an appellant's supervisor, and a supervisor's opinions are insufficient to overcome the agency's judgment concerning the seriousness of the misconduct and the appropriateness of the agency-imposed penalty. *Batara*, 123 M.S.P.R. 278, ¶ 7. The deciding official clearly stated that the appellant's misconduct caused a loss in confidence. IAF, Tab 4 at 86. We discern nothing improper in this determination.

The appellant further claims that, had he been punished earlier, or received progressive discipline, his misconduct would have stopped and the amount and length of time of his GTCC misuse would not have been so severe. PFR File, Tab 1 at 5. However, this argument was similarly weighed by the deciding official. IAF, Tab 4 at 87. He considered the appellant's claim that he received "mixed messages" when the finance office allegedly told him to pay off his card after the first instance of misuse and he suffered no penalty. *Id*. However, he found that the appellant was on clear notice that his conduct was unacceptable because he received training and acknowledged that the GTCC was for official travel expenses only. *Id*. at 87, 90-91, 103-104.

Finally, the appellant reasserts his claim that the agency treated similarly situated employees more favorably. PFR File, Tab 1 at 6. The administrative judge found that none of the appellant's alleged comparators were similar in terms of the length of time or number of instances of misuse. ID at 3. We agree. We clarify the administrative judge's reasoning to comport with the Board's recent decision in *Singh*. As the Board held in *Singh*, while no single factor is outcome determinative, the fact that two employees come from different work units and/or supervisory chains remains an important factor in determining

whether it is appropriate to compare the penalties they are given. *Singh*, 2022 MSPB 15, ¶ 13. In most cases, employees from another work unit or supervisory chain will not be proper comparators. *Id*. Accordingly, there must be a close connection between the misconduct or some other factor for an employee from another work unit or supervisory chain to be a proper comparator for disparate penalty purposes. *Id*. The universe of potential comparators will vary from case to case, but it should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant. *Id*.

Here, the employees cited by the appellant are both from different work units and different supervisory chains. IAF, Tab 4 at 105-114. Although charged with similar offenses, there is no common factor the appellant shares with the employees, such as conspiring with them to misuse their cards, to make them proper comparators for a disparate penalty analysis. *See Williams v. Social Security Administration*, 586 F.3d 1365, 1368-69 (Fed. Cir. 2009) (finding the employees comparators when, despite their different supervisors, the agency's discipline stemmed from both employees' involvement in the same tax fraud scheme). As such, the deciding official's analysis of this factor was proper when he indicated that "[n]o other employee under [his] supervision has committed offenses similar to those alleged." IAF, Tab 4 at 86. As he further explained, the examples provided by the appellant "did not have the [same high] volume of transactions or length of time" over which those transactions were conducted as the appellant. *Id*. at 87.

Based on the foregoing, we agree with the administrative judge that the deciding official properly considered the relevant *Douglas* factors and that the penalty of removal is within the tolerable limits of reasonableness for the sustained misconduct.

**NOTICE OF APPEAL RIGHTS**[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.